UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

                Plaintiff,

vs.

AIR FRANCE KLM GROUP d/b/a AIR FRANCE, MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L., d/b/a MIDDLE EAST AIRLINES, and SOCIETE AIR FRANCE,

                Defendants.
_____/

Case No. 11-cv-13894
Hon. Lawrence P. Zatkoff

LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C.
By:    Mark Kelley Schwartz (P48058)
Attorneys for Plaintiff
29201 Telegraph Road, Ste. 330
Southfield, MI 48034
248-353-4000
248-353-4005 (Fax)
mks@mkslawfirm.com

JAFFE RAITT HEUER & WEISS, P.C.
By:    Scott R. Torpey (P36179)
        William D. Adams (P54404)
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

HOLLAND & KNIGHT
By:    Christopher G. Kelly
Attorneys for Air France
31 West 52nd Street
New York, NY 10019
212-513-3264 (Direct)
212-513-3200 (General)
212-385-9010 (Fax)
Christopher.kelly@hklaw.com
_____/

**DEFENDANT MIDDLE EAST AIRLINES'
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT,
DEMAND FOR JURY TRIAL, AND AFFIRMATIVE DEFENSES**

2159008.1

NOW COMES defendant Middle East Airlines/Airliban, S.A.L., d/b/a/ Middle East Airlines, by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C. and answers plaintiff's first amended complaint as follows:

**Parties, Jurisdiction & Venue**

1. Plaintiff SAMEIH NAZAL, as Conservator for her minor daughter, Z.N. (presently age 8), is and was at all times pertinent to this litigation, a resident of the City of Dearborn, Michigan and maintained her principal and permanent residence at this location.

**ANSWER**

Defendant Middle East Airlines ("MEA") lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Sameih Nazal was lawfully appointed Conservator for her daughter, Z.N. in the Wayne County Probate Court on June 8, 2011, for purposes of pursuing this underlying litigation.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant AIR FRANCE KLM GROUP, doing business as AIR FRANCE, (hereafter "Air France") is upon information and belief, a for-profit international air carrier domiciled in the French Republic, conducting systematic business and air carrier operations, among other places, at the Detroit Metropolitan Wayne County Airport, Wayne County, State of Michigan, through itself, its employees, code share partners, agents and servants.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.     Defendant SOCIETE AIR FRANCE, doing business as AIR FRANCE, (hereafter "Air France") is upon information and belief, a for-profit international air carrier domiciled in the French Republic, conducting systematic business and air carrier operations, among other places, at the Detroit Metropolitan Wayne County Airport, Wayne County, State of Michigan, through itself, its employees, code share partners, agents and servants.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.     Defendant MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L., doing business as MIDDLE EAST AIRLINES (hereafter "MEA") is upon information and belief, a Lebanese Corporation, conducting for-profit international air carrier operations, throughout the world, including, through its code-share partners, and systematic business at and through Detroit Metropolitan Wayne County Airport, Wayne County, State of Michigan.

**ANSWER**

MEA admits the allegations in Paragraph 5.

6.     This is an action under the Montreal Convention for damages arising from personal injuries sustained by the Plaintiff's minor daughter while an Air France-ticketed passenger in the process of boarding Air France Flight 569, operated by Defendant MEA on September 13, 2009, from Beirut, Lebanon, to Detroit Metropolitan Wayne County Airport,

3

Romulus, Michigan, United States of America, connecting through Charles de Gaulle Airport, Paris, France.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. Subject matter jurisdiction over this action is vested in this Court under 28 U.S.C. §1331 in that this action arises from a treaty agreement, namely the Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on 28 May 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734 (entered into force November 4, 2003) (Treaty), commonly referred to as the Montreal Convention.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 as they relate to the applicability of certain Conventions and Treaties; however, if applicable, MEA shall assert any and all defenses pursuant to the Montreal Convention as set forth further in MEA's affirmative defenses.

8. Contemporaneously or alternatively, subject matter jurisdiction over this action is vested in the federal courts of the United States of America under 28 U.S.C. §1332, in that the Plaintiff is a resident of the State of Michigan, and the Defendants, upon information and belief, are French and Lebanese For Profit Corporations, conducting systematic business operations, either themselves directly or through their agents, affiliates and code-share partners, in Wayne County, Michigan and this action seeks recovery in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9. The United States District Court for the Eastern District of Michigan is a proper venue for this action under 28 U.S.C. §1391(b) in that venue is proper under the Montreal Convention as the Eastern District is situs of the following: a) the place where the contract of carriage was made, b) the principal and permanent residence of Plaintiff, and c) the final destination of the Plaintiff's itinerary, and additionally, under diversity jurisdiction a substantial part of the events or omissions giving rise to this claim occurred in this district.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

**General Allegations**

10. On September 13, 2009, Defendants Air France and MEA were commercial air carriers certified and operating within the regulations of the United States Department of Transportation, and further in accordance with 14 CFR Part 121; and at all times, engaged in the business of carrying passengers for hire in interstate and international commerce.

**ANSWER**

Admitted.

11. Prior to September 13, 2009, a contract for carriage was made in the United States providing Plaintiff's minor daughter Z.N. with international travel by air.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. As part of the contract for carriage on September 13, 2009, Plaintiff's minor daughter boarded an aircraft represented as Air France 569 which in fact was, upon information and belief, operated by Defendant Middle East Airlines at Beirut Airport, Beirut, Lebanon, with a ticketed final destination of Detroit Metropolitan Wayne County Airport, Romulus, Michigan, United States of America, via Paris, France.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning the formation of a contract of carriage, as referenced in Paragraph 11, *supra*. Based on knowledge and information available to MEA, however, MEA admits that, on September 13, 2009, plaintiff's minor daughter boarded Air France Flight 569, which was operated by MEA, at Beirut Airport, Beirut, Lebanon, with a ticketed final destination of Detroit Metropolitan Wayne County Airport, Romulus, Michigan, United States of America, via Paris, France.

13. On September 13, 2009, while in the process of boarding the airplane operated by Defendants as Air France Flight 569, Plaintiff's minor daughter sustained a bodily injury when she was trampled on the jet bridge by an unknown passenger and sustained a deep laceration to the small finger of her dominant hand requiring suturing, then a second surgery for scar contracture which included a full thickness skin graft from her groin area.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14. As a result of those injuries, Z.N. did sustain pain, discomfort, permanent and serious disfigurement, scarring, loss of full use of her fifth finger on her dominant hand, bruising, swelling, mental distress, humiliation, mortification, embarrassment, shock and stress, in addition to medical, pharmaceutical and rehabilitative expenses; all in the past and continuing through present and into the future.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

### Cause of Action Under
### Article 17 of the Montreal Convention

15. Plaintiff incorporates by reference the previous paragraphs of her Complaint as if stated fully herein.

**ANSWER**

MEA incorporates by reference its answers to the previous paragraphs of plaintiff's first amended complaint as if stated fully herein.

16. On September 13, 2009, there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on 28 May 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734

(entered into force November 4, 2003) (Treaty), commonly referred to as the Montreal Convention.

**ANSWER**

    Admitted.

17.    At the time Plaintiff's minor daughter sustained the bodily injuries complained of, Defendants were engaged in international carriage as defined in Article 1(2) of the Montreal Convention and said Convention is therefore applicable to this action pursuant to Article 1(1) of that same multilateral treaty.

**ANSWER**

    MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 stating that plaintiff's minor daughter was injured and that the Montreal Convention is applicable to this action pursuant to Article 1(1).  MEA, however, admits that, at all times relevant to plaintiff's first amended complaint, it was engaged in international carriage as defined in Article 1(2) of the Montreal Convention.

18.    Pursuant to Article 17 of the Montreal Convention, Defendants are liable for the damages sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage sustained took place on board the aircraft, or while in the process of embarking or disembarking.

**ANSWER**

    Although MEA admits that Paragraph 17 sets forth the substance of Article 17 of the Montreal Convention, a legal document that speaks for itself, MEA denies any liability for the injuries alleged in plaintiff's first amended complaint.

19. The Montreal Convention further provides at Article 21 that for damages up to 100,000 Special Drawing Rights (a unique monetary unit which acts only in the capacity of a reserve instrument, promulgated and controlled by the International Monetary Fund it is composed of a basket of currencies) the Defendants shall not be able to exclude or limit their liability, and to the extent that Plaintiff's damages exceed 100,000 Special Drawing Rights, the air carrier(s) must prove that Plaintiff's damages were not due to their negligence, wrongful acts or omissions; or, that the Plaintiff's damages were due solely to the negligence, wrongful act or omission of a third party.

**ANSWER**

Although MEA admits that Paragraph 18 sets forth the substance of Article 21 of the Montreal Convention, a legal document that speaks for itself, MEA denies any liability for the injuries alleged in plaintiff's first amended complaint and states that plaintiff's damages was not due to MEA's negligence, wrongful acts or omissions, and that plaintiff's minor daughter's injuries, if any, were due solely to the negligence, wrongful act or omission of plaintiff's minor daughter and/or plaintiff and/or a third party.

20. On September 13, 2009, while in the process of embarking upon an aircraft operated in international carriage by Defendants as Air France Flight 569, Plaintiff's minor daughter sustained a bodily injury when she was trampled by another passenger who fell over her, bringing his foot down upon the fifth finger of her dominant hand deeply lacerating it, and causing the harms and losses as stated herein.

**ANSWER**

MEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants' failure to safely monitor and control the boarding process to prevent incidents such as the one set forth here from occurring, along with other negligent actions and omissions, proximately caused the injuries and losses to Plaintiff's minor daughter.

**ANSWER**

    Denied as untrue.

22. Defendants' negligence, wrongful act(s) or omission(s) or the negligence, wrongful act(s) or omission(s) of their employees, agents and servants, in their failure to control, monitor and supervise the boarding process was a direct and proximate cause of the protected minor's injuries and losses.

**ANSWER**

    Denied as untrue.

23. The bodily injuries sustained by Plaintiff's minor child were not solely due to the negligence, wrongful act or omission of a third party.

**ANSWER**

    MEA lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23.

24. Based on the facts as stated herein, Defendants are liable for the injuries and losses to Plaintiff's minor child up to One Hundred Thousand SDRs (100,000).

**ANSWER**

    Denied as untrue.

25. Alternatively, based on the foregoing, Defendants are liable to Plaintiff's minor child without the monetary limitation set forth above and Z.N. is entitled to receive full, fair and just compensation for her injuries, losses and damages.

**ANSWER**

Denied as untrue.

26. That as a result of the bodily injury sustained, Z.N. did sustain a deep laceration on the fifth finger of her dominant hand requiring suturing followed by a second surgery to repair scar contracture, requiring a full thickness skin graft from her right groin area, along with pain, bruising, swelling, mental distress, humiliation, mortification, embarrassment, shock and stress, permanent scarring and disfigurement, loss of certain sensations, medical, pharmaceutical and rehabilitative expenses; all in the past and continuing through present and into the future.

**ANSWER**

Denied as untrue.

WHEREFORE, defendant Middle East Airlines respectfully requests that this Court grant a judgment in its favor and against plaintiff and award Middle East Airlines its costs, including its reasonable attorney fees, plus interest, incurred in defending this action.

Dated: January 26, 2012        JAFFE RAITT HEUER & WEISS, P.C.

By: /s/William D. Adams (P54404)
    Scott R. Torpey (P36179)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
wadams@jaffelaw.com
storpey@jaffelaw.com

2159008.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

        Plaintiff,

vs.

AIR FRANCE KLM GROUP d/b/a AIR FRANCE and MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

        Defendants.
_____/

Case No. 11-cv-13894
Hon. Lawrence P. Zatkoff

## DEMAND FOR JURY TRIAL

    NOW COMES the defendant, Middle East Airlines, and hereby makes a demand for trial by jury on all issues so triable.

Dated: January 26, 2012

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/William D. Adams (P54404)
     Scott R. Torpey (P36179)
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
wadams@jaffelaw.com
storpey@jaffelaw.com

12

2159008.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

        Plaintiff,        Case No. 11-cv-13894

vs.        Hon. Lawrence P. Zatkoff

AIR FRANCE KLM GROUP d/b/a AIR FRANCE and MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

        Defendants.
_____/

| | |
|---|---|
| LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C.<br>By:   Mark Kelley Schwartz (P48058)<br>Attorneys for Plaintiff<br>29201 Telegraph Road, Ste. 330<br>Southfield, MI 48034<br>248-353-4000<br>248-353-4005 (Fax)<br>mks@mkslawfirm.com | JAFFE RAITT HEUER & WEISS, P.C.<br>By:   Scott R. Torpey (P36179)<br>       William D. Adams (P54404)<br>Attorneys for Middle East Airlines<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034<br>248-351-3000<br>248-351-3082 (Fax)<br>wadams@jaffelaw.com<br>storpey@jaffelaw.com<br><br>HOLLAND & KNIGHT<br>By:   Christopher G. Kelly<br>Attorneys for Air France<br>31 West 52nd Street<br>New York, NY 10019<br>212-513-3264 (Direct)<br>212-513-3200 (General)<br>212-385-9010 (Fax)<br>Christopher.kelly@hklaw.com |

_____/

## **DEFENDANT MIDDLE EAST AIRLINES' AFFIRMATIVE DEFENSES**

NOW COMES defendant Middle East Airlines ("MEA"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C. and states its affirmative defenses to plaintiff's first amended complaint as follows:

13

2159008.1

1.	Plaintiff's first amended complaint fails to state a cause of action against MEA and MEA reserves the right to move pursuant to Court Rule for summary judgment or to dismiss, as appropriate.

2.	There is no proximate causation between MEA's alleged acts and/or omissions and plaintiff's alleged damages or injuries, thereby barring plaintiff and/or her minor daughter from any relief against MEA or its agents, employees, or servants.

3.	The alleged injuries, damages or losses, if any, sustained by plaintiff and/or her minor daughter, were proximately caused and/or contributed to by the negligence of plaintiff and/or her minor daughter in that they failed to exercise ordinary care on their behalves at the time and place set forth in the first amended complaint, constituting comparative negligence, and therefore the damages of plaintiff and/or her minor daughter, if any, should be apportioned in accordance with Michigan law.

4.	That the occurrence of damages alleged in plaintiff's first amended complaint resulted wholly and solely from or were contributed to by the fault, neglect, and/or want of care or superseding or intervening acts of plaintiff and/or her minor daughter, or other persons or entities other than MEA or any MEA employee, for whose acts MEA is not liable or responsible and the occurrence and damages were not the result of any negligence or want of care on the part of MEA or on the part of MEA's agents, employees, or servants for which MEA could have guarded against.

5.	Plaintiff's first amended complaint is or may be barred by the applicable contractual period of limitation contained with the Contract of Carriage and/or tariffs contained in the applicable passenger ticket for travel on MEA, as issued, as alleged by plaintiff in her first amended complaint.

6. That plaintiff's first amended complaint fails to state a cause of action within the parameters of a United States Treaty, commonly referred to as the Warsaw Convention, also known as the Convention for the Unification of Certain Rules for International Carriage by Air, dated October 12, 1929, 49 Stat. 3000 (1934), TSNo 876, appended to 49 U.S.C.A. § 40105, and the Multilateral Convention for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350, also known as the Montreal Convention.

7. MEA reserves the right to assert additional affirmative defenses as they may become known during the course and scope of discovery.

Dated: January 26, 2012

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/William D. Adams (P54404)
Scott R. Torpey (P36179)
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
wadams@jaffelaw.com
storpey@jaffelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Mark Kelley Schwartz – mks@mkslawfirm.com

/s/William D. Adams (P54404)
Scott R. Torpey (P36179
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
wadams@jaffelaw.com
storpey@jaffelaw.com

15

2159008.1