UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

          Plaintiff,          Case No. 11-cv-13894

vs.          Hon. Lawrence P. Zatkoff

AIR FRANCE KLM GROUP d/b/a AIR FRANCE and MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

          Defendants.
_____/

| LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C. | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| By: Mark Kelley Schwartz (P48058) | By: Scott R. Torpey (P36179) |
| Attorneys for Plaintiff | William D. Adams (P54404) |
| 29201 Telegraph Road, Ste. 330 | Attorneys for Middle East Airlines |
| Southfield, MI 48034 | 27777 Franklin Road, Suite 2500 |
| 248-353-4000 | Southfield, Michigan 48034 |
| 248-353-4005 (Fax) | 248-351-3000 |
| mks@mkslawfirm.com | 248-351-3082 (Fax) |
| | storpey@jaffelaw.com |
| | wadams@jaffelaw.com |
_____/

**DEFENDANT MIDDLE EAST AIRLINES'
NOTICE OF OBJECTIONS TO NOTICE OF TAKING DEPOSITIONS
PURSUANT TO FED. R. CIV. P. 30(b)(6) *DUCES TECUM*__**

NOW COMES defendant Middle East Airlines ("MEA"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., and states the following objections to plaintiff's Notice of Taking Depositions Pursuant to Fed. R. Civ. P. 30(b)(6).

As to the Notice of Taking Depositions, MEA asserts the following objections:

A.    MEA objects to the Notice as defective because corporate employees who do not qualify as officers, directors, or managing agents are not subject to deposition by notice. Such witnesses must be subpoenaed pursuant to Fed. R. Civ. P. 45 or, as here, because the witnesses

2210236.2

are located in a foreign country, must be served pursuant to other procedures such as the Hague Convention or another applicable treaty. *See Stacey v. ZF Lemforder Corp.*, Case No. 05-CV-72777-DT, 2007 WL 201018, at *1 (E.D. Mich. Jan. 23, 2007).

B.  MEA objects to the Notice in that it is overly broad, vague, unduly burdensome, and seeks information from MEA's corporate representative(s) that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

C.  MEA objects to the Notice because it seeks proprietary and confidential information of an important business nature to MEA, and because it seeks information that, if released, will jeopardize public safety and security. Without waiving any objection, however, defendant MEA will produce at the date, time and location in plaintiff's deposition notice a witness pursuant to F.R.C.P. 30(b)(6) knowledgeable with some or all of the described topics.

MEA responds to each of the specific document requests as follows:

1.  Any and all records, papers, memoranda, communications, photographs, correspondence or written communications in any form, concerning or related to Plaintiff and/or the matters complained of in Plaintiff's Complaint;

    **Response: MEA objects to this request as overly broad and unduly burdensome, and because it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, defendant incorporates by reference herein its response and documents (if any) produced in response to plaintiff's document request.**

2.  The current employment position and location of any of Defendant Middle East Airlines employees identified in discovery produced by either Plaintiff or Defendant Middle East Airlines in this matter;

    **Response: MEA objects to the request as vague, ambiguous, overly broad, and unduly burdensome. Without waiving any objection, however, to the extent plaintiff identifies by name a particular individual(s), current employment position and business location if still with defendant MEA will be searched and if appropriate, produced.**

3.	Records, manuals, handbooks, training materials or other printed or written documents used in providing guidance and understanding to Defendant Middle East airlines' employees in their employment duties;

**Response:  MEA objects to this request as vague, ambiguous, overly broad, unduly burdensome and seeking materials which are not only beyond the scope of permissible discovery in this case but moreover, are security sensitive and cannot be produced. Without waiving any objection, however, see defendant's response and documents (if any) produced in response to plaintiff's document request.**

4.	Records, manuals, handbooks, training materials or other printed or written documents used to formulate opinions and beliefs or provide for the substantiation for Defendant Middle East Airlines affirmative and other defenses.

**Response:  See objections and response to plaintiff's document Request No. 14, incorporated by reference herein.**

Dated: April 24, 2012	JAFFE RAITT HEUER & WEISS, P.C.

By:	/s/ William D. Adams (P54404)
	Scott R. Torpey (P36179)
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2011 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Mark Kelley Schwartz – mks@mkslawfirm.com

                                        /s/William D. Adams (P54404)
                                        Scott R. Torpey (P36179)
                                        Jaffe Raitt Heuer & Weiss, P.C.
                                        27777 Franklin Road, Suite 2500
                                        Southfield, MI 48034
                                        248-351-3000
                                        248-351-3082 (Fax)
                                        storpey@jaffelaw.com
                                        wadams@jaffelaw.com