UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

          Plaintiff,

vs.

AIR FRANCE KLM GROUP d/b/a AIR FRANCE, MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L., d/b/a MIDDLE EAST AIRLINES, and SOCIETE AIR FRANCE,

          Defendants.

11-CV-13894
Hon. Lawrence P. Zatkoff

---

LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C.
By: Mark Kelley Schwartz
Attorney for Plaintiff
29201 Telegraph Rd., Suite 330
Southfield, MI 48034
Tel.: (248) 353-4000
Fax: (248) 353-4005
Email: mks@mkslawfirm.com

JAFFEE RAITT HEUER & WEISS, P.C.
By: Scott R. Torpey
     William D. Adams
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Tel.: (248) 351-3000
Fax: (248) 351-3082
Email: storpey@jaffelaw.com
        wadams@jaffelaw.com

VARNUM LLP
By: Gary J. Mouw (P69236)
Attorneys for Société Air France
Bridgewater Place (49504)
P.O. Box 352
Grand Rapids, MI 49501-0352
Tel.: (616) 336-6000
Fax: (616) 336-7000
Email: gjmouw@varnumlaw.com

---

**DEFENDANT SOCIÉTÉ AIR FRANCE'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT,
DEMAND FOR JURY TRIAL, AND AFFIRMATIVE DEFENSES**

Defendant Société Air France ("Air France"), by and through its attorneys, Varnum LLP, as and for its Answer to Plaintiff's First Amended Complaint ("Amended Complaint"), herein states upon information and belief as follows:

### Parties, Jurisdiction & Venue

1. The allegations in Paragraph 1 of the Amended Complaint do not require an admission or denial.  To the extent that a response is required, Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint.

2. The allegations in Paragraph 2 of the Amended Complaint do not require an admission or denial.  To the extent that a response is required, Air France denies knowledge or information sufficient to forms a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. The allegations in Paragraph 3 of the Amended Complaint are directed to a defendant other than Air France and therefore do not require a response by Air France.  To the extent that a response is required, Air France denies the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Air France denies the allegations set forth in Paragraph 4 of the Amended Complaint, except admits that it is a corporation duly organized and existing under the laws of France with its principal place of business in France and regularly operates international passenger flights to and from the United States, including the State of Michigan.

5. The allegations in Paragraph 5 of the Amended Complaint are directed to a defendant other than Air France and therefore do not require a response by Air France.  To the extent that a

response is required, Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint.

6. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint, except admits that on September 13, 2009, the ticketing for Plaintiff's minor child provided for transportation on Air France Flight 569, operated by Defendant Middle East Airlines ("MEA"), from Beirut, Lebanon to Paris, France.

7. The allegations in Paragraph 7 of the Amended Complaint contain jurisdictional allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France admits that the Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 in that Plaintiff's alleged claims arise during "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (entered into force on November 4, 2003 in the United States) (hereinafter, "Montreal Convention").

8. The allegations in Paragraph 8 of the Amended Complaint contain jurisdictional allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9. The allegations in Paragraph 9 of the Amended Complaint contain venue allegations that are questions of law for the Court to decide and therefore do not require a response by Air

France. To the extent that a response is required, Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Amended Complaint, and admits that Plaintiff's itinerary provided for roundtrip transportation commencing and terminating in Detroit, Michigan.

**General Allegations**

10. The allegations set forth in Paragraph 10 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 10 of the Amended Complaint that are directed to Air France, Air France denies knowledge or information to form a belief as to the truth of the allegations, except admits that it is a commercial airline and is operating to and from the United States pursuant to a foreign air carrier permit issued by the United States Department of Transportation.

11. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint, except admits that Plaintiff's minor child, pursuant to a contract of carriage, held tickets for international roundtrip transportation.

12. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint, except admits that on September 13, 2009, Air France Flight 569 from Beirut, Lebanon to Paris, France was operated by MEA and that Plaintiff's minor child's destination was Detroit, Michigan.

13. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint, except admits that Air France Flight 569 was operated by MEA.

4

14. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

**Cause of Action Under Article 17 of the Montreal Convention**

15. The allegations in Paragraph 15 of the Amended Complaint do not require an admission or denial.

16. Air France denies the allegations set forth in Paragraph 16 of the Amended Complaint, except admits that the Montreal Convention was in full force and effect in the United States on September 13, 2009.

17. The allegations set forth in Paragraph 17 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 17 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

18. The allegations set forth in Paragraph 18 of the Amended Complaint are directed, in part, to other defendants and contain allegations that are questions of law for the Court to decide and therefore do not require a response. To the extent that a response is required, regarding the allegations in Paragraph 18 of the Amended Complaint that are directed to Air France, Air France denies the allegations and states that Article 17 of the Montreal Convention speaks for itself.

19. The allegations set forth in Paragraph 19 of the Amended Complaint are directed, in part, to other defendants and contain allegations that are questions of law for the Court to decide and therefore do not require a response. To the extent that a response is required, regarding the allegations in Paragraph 19 of the Amended Complaint that are directed to Air France, Air France denies the allegations and states that Article 21 of the Montreal Convention speaks for itself.

20. The allegations set forth in Paragraph 20 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 20 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

21. The allegations set forth in Paragraph 21 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 21 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

22. The allegations set forth in Paragraph 22 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 22 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

23. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. The allegations set forth in Paragraph 24 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 24 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

25. The allegations set forth in Paragraph 25 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 25 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

26. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

**WHEREFORE**, Air France respectfully requests that judgment be entered in its favor: (1) dismissing the Amended Complaint; (2) awarding attorneys' fees, costs, expenses and disbursements; and (3) granting such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Defendant Société Air France states that it may rely on one or more of the following affirmative defenses prior to or at the time of trial of this matter:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a cause of action against Air France for which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The action is barred by the applicable limitation period.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to effect proper service.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

The Amended Complaint should be dismissed for insufficiency of process.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff and/or Plaintiff's minor child were not proximately caused by any negligent acts or omissions on the part of Air France and, thus, Air France is not liable to Plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff and/or Plaintiff's minor child were caused or contributed to their own negligence or culpable conduct and, thus, Air France is not liable to them, or any such liability should be reduced by the percentage of their comparative fault.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts, or omissions of persons or entities other than Air France and over which Air France has no authority or control and was not the result of any fault, negligence,

7

want of care, or other acts of omissions on the part of Air France, and in the event Air France is found liable to Plaintiff, which liability is expressly denied, Air France will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff and/or Plaintiff's minor child, if any, were caused and brought about by an intervening and superseding cause and were not caused by Air France or by a person or entity for whom Air France is responsible and thus Air France is not liable to them.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The alleged acts and/or omissions of Air France were not the legal or proximate cause of the damages alleged by Plaintiffs.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by Plaintiffs are limited or not recoverable under applicable law.  Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by all settlements/benefits received by or on behalf of Plaintiff under applicable law.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's rights, if any, against Air France are exclusively governed by and subject to the provisions of the Montreal Convention and, to the extent not inconsistent with the Montreal Convention, the tariffs of Air France on file with the United States Department of Transportation and/or counterpart agencies in France and Air France's Conditions of Carriage as referenced in the relevant contract of transportation.  Pursuant to the Montreal Convention and applicable tariffs and Conditions of Carriage, Air France is not liable to Plaintiff or, in the alternative, the liability of Air France is limited.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Pursuant to Article 21 of the Montreal Convention, the liability of Air France, if any, for recoverable damages under Article 17 of the Montreal Convention is limited to the lesser of provable damages or an aggregate sum not in excess of 100,000 Special Drawing Rights because: (a) Plaintiff's alleged damages were not due to the negligence or other wrongful act or omission of Air France or its servants or agents; and/or (b) Plaintiff's alleged damages were solely due to the negligence or other wrongful act or omission of a third party.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Pursuant to Article 35 of the Montreal Convention, Plaintiff's claims are barred for failure to comply with a condition precedent.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or the Airline Deregulation Act and/or applicable Federal Aviation Regulations.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Air France is not liable to Plaintiff because Air France complied with all applicable government regulations, including those of the Direction General de L'Aviation Civile (France), in effect at the time of the events described in the Amended Complaint.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent provided by applicable law, Plaintiff's recoverable damages, if any, must be reduced to take account of any collateral source payments that have been or will be made to or for the benefit of Plaintiff.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Air France intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its Answer to assert such defenses.

**NOTICE OF APPLICABILITY OF FOREIGN LAW**

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

**DEMAND FOR JURY TRIAL**

Air France hereby requests a trial by jury on all issues so triable.

Dated:  April 25, 2012

        Respectfully submitted,

        VARNUM LLP


        By:   /s/Gary J. Mouw
             Gary J. Mouw (P69236)
        Bridgewater Plaza
        P.O. Box 352
        Grand Rapids, MI 49501
        Tel.:  (616) 336-6000
        Fax:  (616) 336-7000
        Email:  gjmouw@varnumlaw.com

        *Attorneys for Société Air France*