UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

                  Plaintiff,

vs.

AIR FRANCE KLM GROUP d/b/a AIR FRANCE, MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L., d/b/a MIDDLE EAST AIRLINES, and SOCIETE AIR FRANCE,

                  Defendants.

11-CV-13894
Hon. Lawrence P. Zatkoff

---

LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C.
By:    Mark Kelley Schwartz
Attorney for Plaintiff
29201 Telegraph Rd., Suite 330
Southfield, MI 48034
Tel.:    (248) 353-4000
Fax:    (248) 353-4005
Email: mks@mkslawfirm.com

JAFFEE RAITT HEUER & WEISS, P.C.
By:    Scott R. Torpey
        William D. Adams
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Tel.:    (248) 351-3000
Fax:    (248) 351-3082
Email: storpey@jaffelaw.com
       wadams@jaffelaw.com

VARNUM LLP
By:    Gary J. Mouw (P69236)
Attorneys for Société Air France
Bridgewater Place (49504)
P.O. Box 352
Grand Rapids, MI 49501-0352
Tel.:    (616) 336-6000
Fax:    (616) 336-7000
Email: gjmouw@varnumlaw.com

---

**DEFENDANT SOCIÉTÉ AIR FRANCE'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, DEMAND FOR JURY TRIAL, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS**

Defendant Société Air France ("Air France"), by and through its attorneys, Varnum LLP, as and for its Amended Answer to Plaintiff's First Amended Complaint ("Amended Complaint"), herein states upon information and belief as follows:

**Parties, Jurisdiction & Venue**

1. The allegations in Paragraph 1 of the Amended Complaint do not require an admission or denial. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint.

2. The allegations in Paragraph 2 of the Amended Complaint do not require an admission or denial. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. The allegations in Paragraph 3 of the Amended Complaint are directed to a defendant other than Air France and therefore do not require a response by Air France. To the extent that a response is required, Air France denies the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Air France denies the allegations set forth in Paragraph 4 of the Amended Complaint, except admits that it is a corporation duly organized and existing under the laws of France with its principal place of business in France and regularly operates international passenger flights to and from the United States, including the State of Michigan.

5. The allegations in Paragraph 5 of the Amended Complaint are directed to a defendant other than Air France and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint.

6. Air France denies knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint, except admits that on September 13, 2009, the ticketing for Plaintiff's minor child provided for transportation on Air France Flight 569, operated by Defendant Middle East Airlines ("MEA"), from Beirut, Lebanon to Paris, France.

7. The allegations in Paragraph 7 of the Amended Complaint contain jurisdictional allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France admits that the Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 in that Plaintiff's alleged claims arise during "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (entered into force on November 4, 2003 in the United States) (hereinafter, "Montreal Convention").

8. The allegations in Paragraph 8 of the Amended Complaint contain jurisdictional allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9. The allegations in Paragraph 9 of the Amended Complaint contain venue allegations that are questions of law for the Court to decide and therefore do not require a response by Air France. To the extent that a response is required, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9

of the Amended Complaint, and admits that Plaintiff's itinerary provided for roundtrip transportation commencing and terminating in Detroit, Michigan.

## General Allegations

10. The allegations set forth in Paragraph 10 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 10 of the Amended Complaint that are directed to Air France, Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that it is a commercial airline and is operating to and from the United States pursuant to a foreign air carrier permit issued by the United States Department of Transportation.

11. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint, except admits that Plaintiff's minor child, pursuant to a contract of carriage, held tickets for international roundtrip transportation.

12. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint, except admits that on September 13, 2009, Air France Flight 569 from Beirut, Lebanon to Paris, France was operated by MEA and that Plaintiff's minor child's destination was Detroit, Michigan.

13. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Complaint, except admits that Air France Flight 569 was operated by MEA.

14. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

**Cause of Action Under Article 17 of the Montreal Convention**

15. The allegations in Paragraph 15 of the Amended Complaint do not require an admission or denial.

16. Air France denies the allegations set forth in Paragraph 16 of the Amended Complaint, except admits that the Montreal Convention was in full force and effect in the United States on September 13, 2009.

17. The allegations set forth in Paragraph 17 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 17 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

18. The allegations set forth in Paragraph 18 of the Amended Complaint are directed, in part, to other defendants and contain allegations that are questions of law for the Court to decide and therefore do not require a response. To the extent that a response is required, regarding the allegations in Paragraph 18 of the Amended Complaint that are directed to Air France, Air France denies the allegations and states that Article 17 of the Montreal Convention speaks for itself.

19. The allegations set forth in Paragraph 19 of the Amended Complaint are directed, in part, to other defendants and contain allegations that are questions of law for the Court to decide and therefore do not require a response. To the extent that a response is required, regarding the allegations in Paragraph 19 of the Amended Complaint that are directed to Air France, Air France denies the allegations and states that Article 21 of the Montreal Convention speaks for itself.

20. The allegations set forth in Paragraph 20 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 20 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

21. The allegations set forth in Paragraph 21 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 21 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

22. The allegations set forth in Paragraph 22 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 22 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

23. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24. The allegations set forth in Paragraph 24 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 24 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

25. The allegations set forth in Paragraph 25 of the Amended Complaint are directed, in part, to other defendants. Regarding the allegations in Paragraph 25 of the Amended Complaint that are directed to Air France, Air France denies the allegations.

26. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

**WHEREFORE**, Air France respectfully requests that judgment be entered in its favor: (1) dismissing the Amended Complaint; (2) awarding attorneys' fees, costs, expenses and disbursements; and (3) granting such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Defendant Société Air France states that it may rely on one or more of the following affirmative defenses prior to or at the time of trial of this matter:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a cause of action against Air France for which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The action is barred by the applicable limitation period.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to effect proper service.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

The Amended Complaint should be dismissed for insufficiency of process.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff and/or Plaintiff's minor child were not proximately caused by any negligent acts or omissions on the part of Air France and, thus, Air France is not liable to Plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff and/or Plaintiff's minor child were caused or contributed to their own negligence or culpable conduct and, thus, Air France is not liable to them, or any such liability should be reduced by the percentage of their comparative fault.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts, or omissions of persons or entities other than Air France and over which Air France has no authority or control and was not the result of any fault, negligence, want of care, or other acts of omissions on the part of Air France, and in the event Air France is found liable to Plaintiff, which liability is expressly denied, Air France will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

The damages allegedly sustained by Plaintiff and/or Plaintiff's minor child, if any, were caused and brought about by an intervening and superseding cause and were not caused by Air France or by a person or entity for whom Air France is responsible and thus Air France is not liable to them.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

The alleged acts and/or omissions of Air France were not the legal or proximate cause of the damages alleged by Plaintiff.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

Some or all of the damages claimed by Plaintiff are limited or not recoverable under applicable law. Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by all settlements/benefits received by or on behalf of Plaintiff under applicable law.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's rights, if any, against Air France are exclusively governed by and subject to the provisions of the Montreal Convention and, to the extent not inconsistent with the Montreal

Convention, the tariffs of Air France on file with the United States Department of Transportation and/or counterpart agencies in France and Air France's Conditions of Carriage as referenced in the relevant contract of transportation. Pursuant to the Montreal Convention and applicable tariffs and Conditions of Carriage, Air France is not liable to Plaintiff or, in the alternative, the liability of Air France is limited.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Pursuant to Article 21 of the Montreal Convention, the liability of Air France, if any, for recoverable damages under Article 17 of the Montreal Convention is limited to the lesser of provable damages or an aggregate sum not in excess of 100,000 Special Drawing Rights because: (a) Plaintiff's alleged damages were not due to the negligence or other wrongful act or omission of Air France or its servants or agents; and/or (b) Plaintiff's alleged damages were solely due to the negligence or other wrongful act or omission of a third party.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Article 35 of the Montreal Convention, Plaintiff's claims are barred for failure to comply with a condition precedent.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or the Airline Deregulation Act and/or applicable Federal Aviation Regulations.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Air France is not liable to Plaintiff because Air France complied with all applicable government regulations, including those of the Direction General de L'Aviation Civile (France), in effect at the time of the events described in the Amended Complaint.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent provided by applicable law, Plaintiff's recoverable damages, if any, must be reduced to take account of any collateral source payments that have been or will be made to or for the benefit of Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Air France intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its Amended Answer to assert such defenses.

### NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

### DEMAND FOR JURY TRIAL

Air France hereby requests a trial by jury on all issues so triable.

### DEFENDANT SOCIÉTÉ AIR FRANCE'S CROSS-CLAIMS

Defendant Société Air France ("Air France"), by and through its attorneys, Varnum LLP, while denying that it is obligated or liable for claims asserted by Plaintiff, alleges by way of Cross-Claims against Defendant Middle East Airlines/Airliban, S.A.L., d/b/a/ Middle East Airlines ("MEA") as follows:

### The Parties

1.  These cross-claims arise from an incident that occurred on September 13, 2009 during the boarding of an international flight operated by MEA from Beirut, Lebanon to Paris,

France. Plaintiff claims that her minor child was trampled by a fellow passenger while boarding the MEA flight and suffered injury to her pinky finger (the "Incident").

2. Air France is a foreign airline organized and existing under the laws of France with its principal place of business in France.

3. Upon information and belief, MEA is a foreign airline organized and existing under the laws of Lebanon.

### Jurisdiction and Venue

4. This Court has supplemental jurisdiction over these cross-claims under 28 U.S.C. §1367(a) because they arise out of the same occurrence alleged in Plaintiff's Amended Complaint so as to form part of the same case or controversy within the meaning of Article III of the U.S. Constitution.

5. Venue is proper under 28 U.S.C. § 1391(b) as each of the defendants is found in or is subject to personal jurisdiction in this district.

### General Allegations

6. Plaintiff Sameih Nazal seeks to recover damages arising from the injury of her minor child during the boarding of MEA Flight 211 in Beirut, Lebanon, which was also being operated by MEA as Air France Flight 569 pursuant to a code-share agreement between MEA and Air France.

7. The tickets for Plaintiff and her minor child were issued for transportation on Air France Flight 569. It is undisputed that MEA was the carrier that operated Air France Flight 569 on September 13, 2012 and was wholly responsible for the embarking process of that flight in Beirut.

8. Plaintiff sued MEA, alleging that MEA is liable for her child's injuries and damages. Plaintiff also named Air France as a defendant.

11

9. Air France is entitled to contribution and/or indemnity from MEA in the event that Air France is found to be liable for losses, injuries, or damages suffered by Plaintiff and/or Plaintiff's minor child as a result of the Incident.

## Count I
## Claim Against MEA For Indemnity

10. Air France repeats and realleges each and every allegation contained in paragraphs 1 through 9 with the same force and effect as if fully set forth at length herein.

11. If Air France should be found liable to Plaintiff and/or Plaintiff's minor child for losses, injuries, or damages as alleged in the Amended Complaint, said liability being expressly denied, then any losses, injuries or damages sustained by Plaintiff and/or Plaintiff's minor child were caused by the negligence, lack of due care, culpable conduct, reckless, wanton, or willful misconduct or reckless disregard for the safety of others, or breach of contract by MEA, its agents, servants, or employees, without any negligence or culpable conduct on the part of Air France thereto, and Air France is entitled to full indemnity from MEA in an amount equal to the sum of any such judgment for losses, injuries or damages, together with reasonable attorneys' fees, costs, expenses, and disbursements of this action.

## Count II
## Claim Against MEA For Contribution

12. Air France repeats and realleges each and every allegation contained in paragraphs 1 through 11 with the same force and effect as if fully set forth at length herein.

13. If Air France should be found liable to Plaintiff and/or Plaintiff's minor child for losses, injuries, or damages as alleged in the Amended Complaint, said liability being expressly denied, then any losses, injuries or damages sustained by Plaintiff and/or Plaintiff's minor child were caused by the negligence, lack of due care, culpable conduct, reckless, wanton, or willful

misconduct or reckless disregard for the safety of others, or breach of contract by MEA, its agents, servants, or employees, without any negligence or culpable conduct on the part of Air France thereto, and Air France is entitled to contribution in an amount equal to MEA's relative culpability for the Incident, together with reasonable attorneys' fees, costs, expenses, and disbursements of this action.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air France hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

## DEMAND FOR JURY TRIAL

Air France hereby requests a trial by jury on all issues so triable.

Dated: May 16, 2012

        Respectfully submitted,

        VARNUM LLP

        By:   /s/Gary J. Mouw
            Gary J. Mouw (P69236)
        Bridgewater Plaza
        P.O. Box 352
        Grand Rapids, MI 49501
        Tel.:   (616) 336-6000
        Fax:   (616) 336-7000
        Email: *gjmouw@varnumlaw.com*

        *Attorneys for Société Air France*

5204217_1.DOCX