UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SAMEIH NAZAL, as Conservator for
Z.N., a minor,**

        Plaintiff,

        Case No. 2:11-cv-13894-LPZ

vs

        HON. LAWRENCE P. ZATKOFF

**MIDDLE EAST AIRLINES/AIRLIBAN,
S.A.L., a Foreign Corporation For Profit,
Doing Business As MIDDLE EAST
AIRLINES, and SOCIETE AIR FRANCE, a Foreign
Corporation for Profit, Doing Business As, Air France,**

        Defendants.

_____

Law Offices of Mark Kelley Schwartz, P.C.
By: **MARK KELLEY SCHWARTZ (P48058)**
Attorney for Plaintiff
29201 Telegraph Rd., Ste. 330
Southfield, MI 48034
Tel: (248) 353-4000
Fax: (248) 353-4005
Email: mks@mkslawfirm.com

Jaffe Raitt Heuer & Weiss, P.C.
By: **SCOTT R. TORPEY (P36179)**
    **WILLIAM D. ADAMS (P54404)**
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Tel: (248) 351-3000
Fax: (248) 351-3082
Email: storpey@jaffelaw.com
       wadams@jaffelaw.com

Varnum LLP
By: GARY J. MOUW (P69236)
Attorneys for Société Air France
P.O. Box 352
Grand Rapids, MI 49501-0352
Tel: (616) 336-6000
Fax: (616) 336-7000
Email: gjmouw@varnumlaw.com

_____

## **CASE SUMMARY**

1. Statement of claim or claims of Plaintiff(s), including legal theories, and basis of federal jurisdiction.

A.  Statement of Claim:

This lawsuit stems from the injuries sustained by Plaintiff's minor daughter, Z.N., then six years of age, while she was in the process of boarding a commercial aircraft, operated by Defendant MEA as Air France Flight 563 on September 13, 2009, in Beirut, Lebanon. Specifically, while walking with her mother and sisters on the boarding jetbridge, Z.N. was trampled by a yet-unidentified MEA / Air France passenger, who, in a frantic state and without stopping, either tripped or pushed Z.N., causing a severe laceration to the fifth finger of her dominant hand by stepping on it with his shoe heel or rolling over it with his carry-on luggage.  Z.N. boarded the flight (bound for Paris) with her family, received medical attention throughout the journey and landed in France.  In Paris, Defendant Air France's employees sent her to the hospital where her laceration was sutured.

Upon her return to Michigan, Z.N. was unable to regain the full range of motion of her fifth finger and a subsequent surgery for scar contracture was performed.  Unfortunately, the scar contracture surgery necessitated a full thickness skin graft which included removing an elliptical portion of the skin from Z.N.'s thigh and grafting it to her fifth finger.  She has permanent scarring on both her fifth finger and thigh and will need additional plastic surgery.

B.  Jurisdictional Statement:

This is an action under the Montreal Convention (Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on 28 May 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734 (entered into force November 4, 2003) (Treaty))  as Z.N. was the holder of a ticket issued by Defendant Air France, on a flight operated by Defendant MEA, in international carriage, as defined by the

2

Montreal Convention. Z.N., who is a U.S. Citizen and resident of Michigan, was traveling from Beirut, Lebanon, to Detroit Metropolitan Wayne County Airport, connecting through Charles de Gaulle Airport, Paris, France.  Jurisdiction is found under 28 U.S.C. §1331 in that this action arises from a treaty agreement.

   MEA:  Defendant/cross-defendant Middle East Airlines ("MEA") does not contest this Court's jurisdiction over this matter, notwithstanding its position that arbitration is the appropriate forum in which to resolve Air France's cross-complaint.

C.   Legal Theories:

Pursuant to Article 17, paragraph 1, of the Montreal Convention, defendants are liable for the damages sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage sustained took place on board the aircraft, or while in the operation of embarking or disembarking. Defendant Air France's liability is predicated on it being the issuer of the ticket to Z.N., with Defendant MEA being the actual air carrier under the Convention.

There is a two-tier system for liability under the Montreal Convention.  For the first tier, Article 21 of the Convention provides for strict liability for damages up to 100,000 Special Drawing Rights (a unique monetary unit which acts only in the capacity of a reserve instrument, promulgated and controlled by the International Monetary Fund it is composed of a basket of currencies – presently 100,000 SDRs equals approximately $152,545 US Dollars) and provides that the defendants shall not be able to exclude or limit their liability. A carrier may plead exoneration (similar to comparative fault) under Article 20.

To the extent that Z.N.'s damages exceed 100,000 Special Drawing Rights, the defendant air carriers have the burden of proving that Z.N.'s  damages were not due to their negligence, wrongful acts or omissions; or, that the her damages were due solely to the

3

negligence, wrongful act or omission of a third party.

It is Plaintiff's legal theory, beyond the first-tier strict liability limits, that Defendants failed to safely monitor and control the boarding process and that this injury was the foreseeable consequence of such negligence. Z.N. was traveling with her mother and two siblings. It is recognized that certain classes of passengers need additional time to board and aircraft; Z.N. and her family were within that class of persons and should have been afforded that opportunity. At her deposition, Samieh Nazal, Z.N.'s mother testified that MEA never offered an early boarding for those persons needing more time.

2. Statement of claim or claims and defense of Defendant(s), and third party plaintiff(s), and defense of third-party defendant(s), including legal theories.

Defendant Air France:

To the extent that an Article 17 accident occurred under the Montreal Convention, it occurred while embarking on an MEA-operated flight (MEA Flight 211), staffed with MEA agents, in Beirut, Lebanon. Other than providing Plaintiff with a ticket for travel, Air France had no involvement with the alleged Article 17 accident. MEA, not Air France, is the party responsible for the embarking process on MEA flights. Accordingly, Air France has asserted cross-claims seeking indemnity and contribution from Defendant MEA.

Defendant MEA: Defendant Middle East Airlines ("MEA") states the following affirmative defenses to plaintiff's First Amended Complaint:

- Plaintiff's First Amended Complaint fails to state a cause of action against MEA.

- There is no proximate causation between MEA's acts and/or omissions and plaintiff's alleged injury or damages.

- The alleged injuries, damages or losses, if any, sustained by plaintiff and/or her minor daughter were proximately caused and/or contributed to by the negligence of plaintiff

4

and/or her minor daughter in that they failed to exercise ordinary care on their behalves at the time and place set forth in the First Amended Complaint, constituting comparative negligence, and therefore the damages of plaintiff and/or her minor daughter should be apportioned in accordance with Michigan law.

- The occurrence of damages alleged in plaintiff's first amended complaint resulted wholly and solely from or were contributed to by the fault, neglect, and/or want of care or superseding or intervening acts of plaintiff and/or her minor daughter, or other persons or entities other than MEA or any MEA employee, for whose acts MEA is not liable or responsible and the occurrence and damages were not the result of any negligence or want of care on the part of MEA or on the part of MEA's agents, employees, or servants for which MEA could have guarded against.

- Plaintiff's First Amended Complaint is or may be barred by the applicable contractual period of limitation contained in the Contract of Carriage and/or tariffs contained in the applicable passenger ticket for travel on MEA, as issued, as alleged by plaintiff in her First Amended Complaint.

- Plaintiff's First Amended Complaint fails to state a cause of action within the parameters of a United States Treaty, commonly referred to as the Warsaw Convention, also known as the Convention for the Unification of Certain Rules for International Carriage by Air, dated October 12, 1929, 49 Stat. 3000 (1934), TSNo 876, appended to 49 U.S.C.A. § 40105, and the Multilateral Convention for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 350, also known as the Montreal Convention.

- MEA may assert additional affirmative defenses or amend/ withdraw certain affirmative defenses as they may become known during the course and scope of

5

discovery.

MEA states that it may raise the following affirmative defenses to Air France's Cross-Complaint when it files its response to the cross-complaint on June 27:

- Air France's Cross-Complaint should be dismissed and this Court should compel arbitration in light of arbitration provisions contained in the parties' Code-Share Agreement and/or Ground Handling Agreement.
- Air France is not entitled to indemnity and/or contribution under the terms of the parties' Ground Handling Agreement, and any claim for attorney fees under the parties' Code-Share Agreement must be arbitrated.
- MEA may assert additional affirmative defenses and/or amend/withdraw certain affirmative defenses as they may become known during the course and scope of discovery.

3. Actual damages sought.

Z.N. seeks her medical expenses to-date, future medical, surgical, rehabilitative and pharmaceutical expenses, in addition to damage for the harms she sustained, including pain and suffering, permanent scarring to her fifth finger and at the site of her skin graft donation on her thigh, humiliation, and other non-economic damages.

4. Expected witnesses.

Plaintiff:

*Liability:*

(1) Z.N.

(2) Sameih Nazal

(3) F.N. (minor sister of Z.N.)

(4) S.N. (minor sister of Z.N.)

    (5) Unidentified passenger aboard Air France Flight 569 who ran over and injured Z.N.

    (6) Unidentified Middle Eastern Airlines' Gate Agent for Air France Flight 569

    (7) Unidentified Flight Crew, MEA Flight Crew (Air France Flight 569)

    (8) Mohammad Ben Amor, Air France

*Damages:*

    (1) Record Custodians, Centre Hospitalier Robert Ballenger, Service Des - Urgences

    (2) Record Custodians, treating physicians and health care providers, Oakwood Hospital;

    (3) Shreepad R. Naik, M.D. (treating surgeon)

    (4) Joseph E. Mark, M.D. (treating plastic surgeon)

    (5) Record Custodians, physicians and health care providers Care Pediatric, P.L.C. (Treating pediatricians)

Defendant Air France:  At present, Air France cannot identify any witnesses.

Defendant MEA:  Defendant MEA expects the following witnesses:

- Z.N.
- Plaintiff
- F.N. (sister of Z.N.)
- S.N. (sister of Z.N.)
- Adib C. Kassis, MEA managerial employee, and possibly other MEA employees with knowledge of the incident and/or other circumstances relevant to the case

- All witnesses named by plaintiff and Air France, including but not limited to plaintiff's treaters and any expert(s) named by plaintiff and/or Air France
- MEA's IME doctor(s) and any expert witnesses MEA may retain as the case progresses
- Air France witnesses familiar with the contractual relationship(s) between MEA and Air France, including but not limited to the parties' Code-Share Agreement and Ground Handling Agreement

5. Whether any expert witnesses are anticipated and in what subject area.

   Plaintiff:

   Plaintiff anticipates the possible use of an expert in the area of passenger gate agent operations. Plaintiff will also be calling Z.N.'s treating health care providers to provide expert testimony in their respective fields.

   Defendant Air France:  At present, Air France does not anticipate retaining any expert witnesses.

   Defendant MEA:  MEA will retain one or more independent medical examiner(s) to conduct an IME of Z.N. MEA will consider retaining its own expert(s) in the area of passenger gate agent operations, and possibly other experts as they are deemed necessary as the case and discovery progresses.

6. Amount of time needed for discovery and summary of discovery conducted to date.

   Plaintiff:  Plaintiff requests 180 days for discovery. While Plaintiff and Defendant MEA have conducted extensive written discovery thus far, and Plaintiff and Z.N.'s depositions have been taken; Plaintiff has still not been provided with all documentation requested because of the lack of a written protective order and the anticipated "clearance" required for the release of information which may be deemed SSI (Sensitive Security Information under

49 CFR §1520, et seq.). Plaintiff has provided medical authorizations and production of Z.N.'s medical records have been accomplished. Plaintiff has noticed the MEA corporate representative depositions for August, 17, 2012. Plaintiff has further sent written discovery to Defendant Air France and has noticed the deposition of its corporate representative for August 16, 2012.

Defendant Air France:  As described above, Air France had no involvement in the alleged Article 17 accident described in Plaintiff's Complaint and has only recently appeared in this action. As such, Air France has not participated in any discovery to date and anticipates minimal, if any, future involvement in discovery.

Defendant MEA:  Defendant MEA agrees that 180 days for discovery is necessary and states further that plaintiff's description of the discovery conducted so far in this case is accurate. The issue of Security Sensitive Information ("SSI") will be resolved with the execution of a mutual agreeable protective order, which has been circulated among the parties, and plaintiff's obtaining clearance from the Secretary of the Department of Transportation for permission to view the SSI documents requested under 49 C.F.R. § 15.15(e).

7. Anticipated depositions.

Plaintiff:   Plaintiff anticipates taking the deposition of the MEA gate agent and at least one flight crew member aboard Air France Flight 569 (operated by MEA). Additionally, Plaintiff anticipates taking the deposition of the corporate representative(s) of MEA who can testify as to the proper procedures utilized for the boarding of flights at the Beirut airport in addition to the witnesses identified by defendants.

Defendant Air France:  No depositions are anticipated.

Defendant MEA:  In addition to the depositions plaintiff and Air France have identified, MEA anticipates deposing one or more of plaintiff's treaters, as well as any expert witness

9

plaintiff and/or Air France may retain.  MEA anticipates deposing one or more Air France corporate representative with respect to any disputes between the cross-parties concerning the Code-Share or Ground Handling Agreements.  Additionally, to the extent Air France identifies any witnesses with knowledge of the alleged incident, MEA will consider deposing one or more of those witnesses.

8. Relationship to other cases.

   Plaintiff:  Plaintiff is aware of no other cases related to this matter.

   Defendant Air France:  Air France is not aware of any other cases related to this matter.

   Defendant MEA:  Other than Air France's cross-complaint against MEA, MEA is unaware of any other cases related to this matter.

9. Necessity of amendments to pleadings:  additional parties, third-party complaints, etc.

   Plaintiff:  Plaintiff is aware of no other amendments to the pleadings, additional parties or third party complaints which need to be filed.

   Defendant Air France:  Motion for summary judgment.

   Defendant MEA:  MEA is unaware of any necessary amendments to the pleadings, additional parties, or third-party complaints that need to be filed.

10. Anticipated motions, including whether dispositive motions are anticipated.

    Plaintiff:  None.

    Defendant Air France:  Motion for summary judgment.

    Defendant MEA:  MEA may file a motion for summary judgment after discovery closes, either with respect to plaintiff's complaint or the cross-complaint.  Additionally, MEA is considering filing a motion for dismissal in response to Air France's cross-complaint.

11. Anticipated cost of litigation.

    Plaintiff:   Plaintiff and Defendant MEA have discussed possible early resolution of this

matter in order to control costs and expenses for the respective parties. Plaintiff estimates 120 to 150 hours to prepare this case, prior to the point of the pre-trial conference, depending in large part on the number of witnesses identified by the defendants and any discovery or other motions which may need to be filed.

Defendant Air France:  Air France agrees that the costs and expenses incurred in this matter should be limited and controlled, especially since Air France bears no responsibility for the alleged injury. As the responsible party, Defendant MEA should assume the defense on behalf of Air France. Accordingly, Air France is unable to accurately estimate the time necessary to defend this matter, which will depend, among other factors, upon Defendant MEA's decision to assume the defense, potential dismissal pursuant to a summary judgment motion, and proposed discovery.

Defendant MEA:  MEA estimates that costs to take this matter through trial, if no early resolution can be achieved, could be between $60,000.00 and $100,000.00.

12. Whether case evaluation is desired.

Plaintiff:  Plaintiff does not desire case evaluation, but will agree to facilitate or mediate this case with a Magistrate Judge or third-party mediator.

Defendant Air France:  Air France does not desire a case evaluation.

Defendant MEA:  While MEA does not submit to binding case evaluation, it does believe that an early facilitation or mediation between all parties on the claims raised by plaintiff and cross-plaintiff Air France is the most cost-effective way to resolve this case.

*/s/ Mark Kelley Schwartz*
**MARK KELLEY SCHWARTZ (P48058)**
Law Offices of Mark Kelley Schwartz, P.C.
Attorney for Plaintiff
29201 Telegraph Rd., Ste. 330
Southfield, MI  48034
Tel:  (248) 353-4000
Fax:  (248) 353-4005
Email:  mks@mkslawfirm.com

*/s/William Adams w/ permission by MKS*
**SCOTT R. TORPEY  (P36179)**
**WILLIAM D. ADAMS (P54404)**
Jaffe Raitt Heuer & Weiss, P.C.
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, MI  48034
Tel:  (248) 351-3000
Fax:  (248) 351-3082
Email:  storpey@jaffelaw.com
            wadams@jaffelaw.com

*/s/ Gary J. Mouw w/ permission by MKS*
**GARY J. MOUW  (P69236)**
Varnum LLP
Attorneys for Société Air France
P.O. Box 352
Grand Rapids, MI  49501-0352
Tel:  (616) 336-6000
Fax:  (616) 336-7000
Email:  gjmouw@varnumlaw.com