UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

Plaintiff,

vs.

Case No. 11-cv-13894
Hon. Lawrence P. Zatkoff

AIR FRANCE KLM GROUP d/b/a AIR FRANCE and MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

Defendants,

and

SOCIETE AIR FRANCE,

Cross-Plaintiff,

vs.

MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

Cross-Defendant.

_______________________________________/

LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C.
By: Mark Kelley Schwartz (P48058)
Attorneys for Plaintiff
29201 Telegraph Road, Ste. 330
Southfield, MI 48034
248-353-4000
248-353-4005 (Fax)
mks@mkslawfirm.com

JAFFE RAITT HEUER & WEISS, P.C.
By: Scott R. Torpey (P36179)
William D. Adams (P54404)
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

VARNUM LLP
By: Gary J. Mouw (P69236)
Attorneys for Societe Air France
Bridgewater Place (49504)
P.O. Box 352
Grand Rapids, MI 49501-0352
616-336-6000
616-336-7000 (Fax)
gjmouw@varnumlaw.com

_______________________________________/

**CROSS-DEFENDANT MIDDLE EAST AIRLINES' MOTION TO DISMISS IN LIGHT OF ARBITRATION AGREEMENT, OR ALTERNATIVELY, MOTION FOR FED. R. CIV. P. 12(b)(6) DISMISSAL OF REQUESTS FOR COSTS AND ATTORNEY FEES**

**ORAL ARGUMENT REQUESTED**

Cross-defendant Middle East Airlines/Airliban, S.A.L. d/b/a Middle East Airlines ("MEA"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby moves this Court to dismiss these proceedings pursuant to a valid and binding arbitration agreement and the Federal Arbitration Act. Alternatively, MEA requests that this Court enter an order under Fed. R. Civ. P. 12(b)(6) dismissing cross-plaintiff's requests for costs and attorney fees, as this request has no basis in law. The facts and law in support of this motion are set forth more fully in the brief accompanying this motion in accordance with E.D. Mich. L.R. 7.1(d).

Pursuant to E.D. Mich. L.R. 7.1(a), the undersigned certifies that an email was sent to cross-plaintiff's counsel on MEA's behalf on June 27, 2012, explaining the nature of this motion and its legal bases and requesting concurrence in the relief sought. Therefore, it appears that this motion is opposed.

Dated: June 27, 2012

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/Scott R. Torpey (P36179)
William D. Adams (P54404)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEIH NAZAL, as Conservator for Z.N., a minor,

Plaintiff,

vs.

Case No. 11-cv-13894
Hon. Lawrence P. Zatkoff

AIR FRANCE KLM GROUP d/b/a AIR FRANCE and MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

Defendants,

and

SOCIETE AIR FRANCE,

Cross-Plaintiff,

vs.

MIDDLE EAST AIRLINES/AIRLIBAN, S.A.L. d/b/a MIDDLE EAST AIRLINES,

Cross-Defendant.

______________________________________/

LAW OFFICES OF MARK KELLEY SCHWARTZ, P.C.
By: Mark Kelley Schwartz (P48058)
Attorneys for Plaintiff
29201 Telegraph Road, Ste. 330
Southfield, MI 48034
248-353-4000
248-353-4005 (Fax)
mks@mkslawfirm.com

JAFFE RAITT HEUER & WEISS, P.C.
By: Scott R. Torpey (P36179)
William D. Adams (P54404)
Attorneys for Middle East Airlines
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

VARNUM LLP
By: Gary J. Mouw (P69236)
Attorneys for Societe Air France
Bridgewater Place (49504)
P.O. Box 352
Grand Rapids, MI 49501-0352
616-336-6000
616-336-7000 (Fax)
gjmouw@varnumlaw.com

______________________________________/

**CROSS-DEFENDANT MIDDLE EAST AIRLINES' BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIGHT OF ARBITRATION AGREEMENT, OR ALTERNATIVELY, MOTION FOR FED. R. CIV. P. 12(b)(6) DISMISSAL OF REQUESTS FOR COSTS AND ATTORNEY FEES**

**ORAL ARGUMENT REQUESTED**

**TABLE OF AUTHORITIES** ........ ii

**ISSUES PRESENTED** ........ v

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY** ........ vi

**INTRODUCTION** ........ 1

**STATEMENT OF FACTS** ........ 2

***Underlying Facts*** ........ 2

***Facts Giving Rise to this Motion*** ........ 2

**LEGAL ARGUMENT** ........ 4

A. **THE APPLICABILITY OF THE ARBITRATION AGREEMENT SHOULD BE DETERMINED BY THE ARBITRATORS** ........ 4

B. **DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6) OR 56** ........ 5

C. **THE ARBITRATION AGREEMENTS ARE VALID AND ENFORCEABLE** ........ 7

D. **RESOLVING ALL DOUBTS IN FAVOR OF ARBITRATION, THE PARTIES' DISPUTE IS ARBITRABLE** ........ 9

E. **AIR FRANCE'S REQUESTS FOR ATTORNEY FEES SHOULD BE DIMISSED** ........ 10

**CONCLUSION** ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbott v. Michigan*,
474 F.3d 324 (6th Cir. 2007) ....6

*AT&T Technologies, Inc. v. Communications Workers of America*,
475 U.S. 643 (1986) ....4, 7, 9

*Audia v. Newcor, Inc.*,
No. 10-10209, 2010 WL 2898515 (E.D. Mich. July 3, 2010) ....9

*Bailey v. Ameriquest Mortgage Co.*,
346 F.3d 821 (8th Cir. 2003) ....4

*Bautista v. Star Cruises*,
396 F.3d 1289 (11th Cir. 2005) ....9

*DiMercurio v. Sphere Drake Ins. PLC*,
202 F.3d 71 (1st Cir. 2000) ....9

*EEOC v. Waffle House, Inc.*,
534 U.S. 279 (2002) ....7

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995) ....4

*Garrett v. Hooters-Toledo*,
295 F. Supp. 2d 774 (N.D. Ohio 2003) ....7

*Green v. Ameritech Corp.*,
200 F.3d 967 (6th Cir. 2000) ....5

*Harbenski v. Upper Penninsula Power Co.*,
118 Mich. App. 440 (1992) ....10

*Hartman v. Century Truss Co.*,
132 Mich. App. 661 (1984) ....10

*Hensel v. Cargill, Inc.*,
No. 99-3199, 1999 WL 993775 (6th Cir. Oct. 19, 1999) ....5

*Invista North America S.A.R.L. v. Rhodia Polyamide Intermediates*,
503 F. Supp. 2d 195 (D. D.C. 2007) ....8

*Jacada (Europe) LTD v. International Marketing Strategies, Inc.*, 255 F. Supp. 2d 744 (W.D. Mich. 2003) ....................8

*Johns v. Sterling Jewelers, Inc.*, Case No. 06-14327, 2006 WL 3759905 (E.D. Mich. Dec. 20, 2006) ....................7, 8

*Khan v. Parsons Global Servs. Ltd.*, 480 F. Supp. 2d 327 (D. D.C. 2007) ....................8

*Land Serv., v. Sea-Land of Puerto Rico, Inc.,* 636 F. Supp. 750 (D.P.R. 1986) ....................5

*Moore v. Ferrellgas, Inc.,* 533 F. Supp. 2d 740 (W.D. Mich. 2008) ....................6

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) ....................5, 7

*Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44 (3rd Cir. 1991) ....................6

*Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974) ....................8

*Stout v. J.D. Bryider*, 228 F.3d 709 (6th Cir. 2001) ....................8, 9

*Teamsters Local Union No. 89 v. Kroger Co.*, 617 F.3d 899 (6th Cir. 2010) ....................9

*United Steel Workers of America, AFL-CIO, CLC v. Century Aluminum of Kentucky*, 157 Fed. Appx. 869 (6th Cir. 2005) ....................9

**RULES**

FED. R. CIV. P. 12(b)(1), 12(b)(6) ....................5, 7

Fed. R. Civ. P. 12(b)(6) .................... vi, 2, 6, 10

Federal Rule of Civil Procedure 12(b)(1) ....................6

L.R. 7.1(d)(2) .................... vi

Rule 56 ....................6

**STATUTES**

9 U.S.C. §3 ....................5

9 U.S.C. § 206.....8

9 U.S.C.A. § 1.....7

9 U.S.C.A. § 2.....7

9 U.S.C.A. §§ 3-4.....5

9 U.S.C.A. §§ 201-208.....8

9 U.S.C.A. §202.....8

Federal Arbitration Act, 9 U.S.C.A. § 1, *et seq.* ..... vi, 1

## ISSUES PRESENTED

1. Whether this Court should dismiss cross-plaintiff Societe Air France's cross-complaint in its entirety pursuant to a valid and binding arbitration agreement contained in the cross-parties' Code-Share Agreement?

Cross-defendant answers YES.

2. Whether this Court should dismiss cross-plaintiff's requests for its legal costs, including but not limited to its request for attorney fees, because there is no cognizable legal basis for cross-plaintiff's request for costs and fees?

Cross-defendant answers YES.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

In accordance with E.D. Mich. L.R. 7.1(d)(2), the controlling/most appropriate authority for the relief sought is identified as the Federal Arbitration Act, 9 U.S.C.A. § 1, *et seq*., and Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Both cross-plaintiff Societe Air France ("Air France") and cross-defendant Middle East Airlines/Airliban, S.A.L. ("MEA") have been sued for damages allegedly incurred by plaintiff Samieh Nazal's minor child during the boarding of Air France Flight 569 in Beirut, Lebanon. (ECF # 20, pg. 11, ¶ 6.) Air France has sued MEA for contribution and indemnity, apparently under the terms of the cross-parties' Code-Share Agreement (**Exhibit 1**), which Air France references in its cross-complaint as the foundation of the cross-parties' relationship and the reason MEA was operating the underlying plaintiff's Air France flight. (*See* ECF # 20, ¶¶ 6-7.) The Code-Share Agreement contains a provision requiring MEA to compensate Air France for "bodily damages" incurred by "any third party," which is exactly the relief Air France is requesting in its indemnity and contribution claims against MEA (**Exhibit 1**, Art. 9, ¶ 2.) The Code-Share Agreement also contains an enforceable arbitration provision requiring questions "concerning the validity, the interpretation or **the application**" of the Code-Share Agreement to be arbitrated in France under French law. (**Exhibit 1**, Art. 12 (emphasis added).)

Air France has not clearly identified the Code-Share Agreement and its potentially applicable indemnity language as the source of MEA's alleged liability, despite the language of the Code-Share Agreement. (*See* ECF # 20, pg. 12, ¶¶ 10-11.) Clearly, then, there is a question on the face of the cross-complaint regarding the applicability of the Code-Share Agreement to the dispute between the cross-parties, and this issue must be arbitrated. Therefore, this is an improper forum in which to adjudicate Air France's claims because the Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 1, *et seq.*, mandates that courts either stay or dismiss a pending court action when the parties have a valid arbitration agreement that encompasses the claims before the

court. Therefore, MEA respectfully requests that this Court either dismiss this action as required by the Code-Share Agreement's arbitration provision and the Federal Arbitration Act.

In the alternative, MEA requests that this Court enter an order under Fed. R. Civ. P. 12(b)(6) dismissing Air France's requests for costs and attorney fees because there is no basis in law for Air France's requests for attorney fees with respect to this action.

## STATEMENT OF FACTS

### *Underlying Facts*

On September 13, 2009, plaintiff Samieh Nazal and her minor daughter were traveling as Air France ticketed passengers aboard Air France Flight 569, which was being operated by MEA under the terms of the cross-parties' Code-Share Agreement. (ECF # 9, pg. 3, ¶ 6; ECF # 20, pg. 12, ¶¶ 6-7; **Exhibit 1**.) The Code-Share Agreement permits Air France and MEA to sell seats that have been blocked for their respective passengers' usage on one another's planes "as if it were their own flights and under their own Company code," or flight number, and permits the party that sells the ticket to keep the revenue related to the ticket sale. (**Exhibit 1**, Art. 1, ¶¶ 3-5.)

Plaintiff Nazal alleges that her minor daughter was injured and suffered a cut on her finger when she was trampled by a passenger in the jet bridge while she was boarding her Air France flight. (ECF # 9, pg. 6, ¶ 13.) Plaintiff has sued Air France and MEA for damages under the Convention for the Unification of Certain Rules Relating to International Carriage by Air, or the "Montreal Convention." (ECF # 9, pgs. 7-8, ¶ 16.)

### *Facts Giving Rise to this Motion*

The Code-Share Agreement between Air France, a French corporation, and MEA, a Lebanese corporation, provides that the "Operating Company," which in the case of plaintiff's

flight was MEA, shall compensate the "Marketing Company," or Air France, for "bodily damages" relating to flights under the Code-Share Agreement:

> The Operating Company agrees to compensate, to waive any right to any action and to act as garantor [sic] for the liabilities of the Marketing Company, its agents, its employees, its subcontractors and respective insurers in respect of any claim or action made against the Marketing Company, its agents, its employees, its subcontractors and respective insurers, for any material or bodily damages suffered by the Operating Company (including to the aircraft used for the shared operation) and/or in respect of any third party, whether passenger or not, and resulting from or linked to the operation of the code share flights and/or any delay in the carriage of passengers and their baggage except in the case of an inexcusable or intentionally wrongful act by the Marketing Company, its employees, agents or subcontractors.

(**Exhibit 1**, Art. 9, ¶ 2.)

The Code-Share Agreement between Air France and MEA also contains the following arbitration clause:

> 1. If a dispute arises between the Parties concerning the validity, the interpretation or **the application** of the Contract, its Annexes and its Appendices, the Parties will attempt, in the first instance, to resolve the dispute in good faith and through direct negotiation.
>
> 2. If the Parties do not manage to agree by direct negotiation, the dispute will be resolved through ad hoc arbitration, between the Parties, in accordance with the following procedure:
>
> 3. Within 30 days of the failure of the direct bilateral negotiations mentioned at paragraph 1 above, the dispute will be definitively resolved in accordance with the Conciliation and Arbitration Regulation of the Chamber of Commerce of Paris (ICC), by several arbitrators appointed in accordance with that Regulation.
>
> 4. Each Party waives its right to an appeal of the arbitrators' decision, which will be final and will bind the Parties. The arbitration will occur in Paris and the French language will be used.
>
> 5. In the event of arbitration, French law will be applicable.

(**Exhibit 1**, Art. 12 (emphasis added).)

Air France has filed cross-claims against MEA for indemnity and contribution in relation to plaintiff's claim against Air France. (ECF # 20, pgs. 10-13.) While the indemnity provision contained in the Air France/MEA Code-Share Agreement would seem to clearly apply to Air France's requests for compensation, and Air France in its cross-complaint even identifies the Code-Share Agreement as the document upon which the cross-parties' relationship is founded (ECF # 20, pg. 11, ¶¶ 6-7), Air France does not reference with Code-Share Agreement with respect to its indemnity and contribution claims, so it is not at all clear whether Air France is relying on the Code-Share Agreement or common law with respect to its claims. In other words, under the plain language of the cross-complaint, there is a question concerning the "**application** of the Contract" (**Exhibit** 1, Art 12, ¶ 1 (emphasis added)) to this lawsuit, which is an arbitrable issue under the Code-Share Agreement.

## LEGAL ARGUMENT

### A. THE APPLICABILITY OF THE ARBITRATION AGREEMENT SHOULD BE DETERMINED BY THE ARBITRATORS

The Court's inquiry into this matter should end before it even starts because the arbitration provision of the Code-Share Agreement itself states that the French arbitrators shall have the authority to decide questions concerning the applicability of the Code-Share Agreement to the dispute, and the parties have not resolved this issue by direct negotiation. (**Exhibit 1**, Art. 12.) This Court should therefore allow the arbitrators to determine the parties' dispute under the Code-Share Agreement because the United States Supreme Court has "adopted the rule that issues of arbitrability are to be decided by the arbitrator in the first instance if the agreement to arbitrate 'clearly and unmistakably' so provides." *Bailey v. Ameriquest Mortgage Co.,* 346 F.3d 821, 824 (8th Cir. 2003) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-945 (1995), and *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643,



2253982.1

649 (1986)) (" the [Supreme] Court adopted the rule that issues of arbitrability are to be decided by the arbitrator in the first instance if the agreement to arbitrate 'clearly and unmistakably' so provides"). The arbitration provision of the Code-Share Agreement clearly and unmistakably leaves the issues of validity, application, and interpretation of that agreement to the French arbitrators. To the extent the Court does not believe its inquiry ends here, however, this Court should nonetheless dismiss the cross-complaint in its entirety as set forth herein.

**B. DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6) OR 56**

If any court action or proceeding is filed which involves disputes or claims subject to a valid arbitration agreement, then the trial court should either stay the litigation pending arbitration or dismiss the action. 9 U.S.C.A. §§ 3-4. Under either method, this Court need only conduct "an expeditious and summary hearing, with only restricted inquiry into factual issues." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22 (1983).

In the instant case, because there are definite questions concerning the Code-Share Agreement's applicability to Air France's cross-claims, and those questions are arbitrable under the parties' Code-Share Agreement, the entire cross-complaint should be dismissed.[1] *See Green v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir. 2000)("[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration"), citing *See-Land Serv., v. Sea-Land of Puerto Rico, Inc.,* 636 F. Supp. 750 (D.P.R. 1986)("[a]lthough we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course of action is to stay the action pending arbitration. Given our

---

[1] To the extent this Court finds that any issues relating to the application and interpretation of the Code-Share Agreement to Air France's cross-claims are arbitrable, then a stay of any remaining non-arbitrable claims is mandatory. *See Hensel v. Cargill, Inc.,* No. 99-3199, 1999 WL 993775, *4 (6th Cir. Oct. 19, 1999) (citing 9 U.S.C. §3). Otherwise, if all claims are subject to arbitration, the entire case should be dismissed as discussed, *supra*.

ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose").

Pursuant to Federal Rule of Civil Procedure 12(b)(1) "a defendant may move for dismissal based on lack of subject-matter jurisdiction." *Moore v. Ferrellgas, Inc.,* 533 F. Supp. 2d 740, 744 (W.D. Mich. 2008). Such a motion "can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Id.* (citing *Abbott v. Michigan,* 474 F.3d 324, 328 (6th Cir. 2007)). "A factual attack challenges the court's power to hear the case. No presumption of truthfulness applies to the plaintiff's factual allegations and the plaintiff bears the burden of establishing jurisdiction." *Moore, supra*.

According to *Moore, supra,* however, a motion to dismiss to enforce an arbitration clause is more properly brought "under Rule 12(b)(6), because the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction." *Id*. The court in *Moore* went on to say, though, that "[n]otwithstanding the appropriateness of a Rule 12(b)(6) motion, courts have allowed parties to receive the equivalent remedy in a Rule 12(b)(1) motion." The confusion over which Federal Rule of Civil Procedure to apply lies in the *Moore* court's reliance on Rule 12(b)(1) or 12(b)(6), despite its review of matters outside the pleadings – which is ordinarily governed by Rule 56. *See Moore, supra* (citing *Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44, 45 n.1 (3rd Cir. 1991) ("[d]ismissal of a declaratory judgment action because the dispute is covered by an arbitration provision is generally effected under Rule 12(b)(6) covering dismissals for failure to state a claim upon which relief can be granted, or Rule 56 covering summary judgments if matters beyond the pleadings were considered")). MEA

requests dismissal of Air France's cross-complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) or 56, as this Court deems appropriate.

## C. THE ARBITRATION AGREEMENTS ARE VALID AND ENFORCEABLE

Through the Federal Arbitration Act ("FAA"), Congress has declared a national policy favoring alternate dispute resolution agreements. 9 U.S.C.A. § 1; *Garrett v. Hooters-Toledo*, 295 F. Supp. 2d 774 (N.D. Ohio 2003). By adopting the FAA, federal law has endorsed private arbitration agreements as a way of avoiding protracted litigation. The United States Supreme Court in *EEOC v. Waffle House* explained that the FAA was enacted to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements on the same footing as other contracts." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

"The FAA broadly provides that a written provision in 'a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (citing 9 U.S.C.A. § 2). The FAA creates a strong presumption in favor of arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-24 (1983). Therefore, courts should resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Id.*

The determination whether to compel arbitration requires a two-step inquiry, which asks first whether the parties have a valid and enforceable agreement to arbitrate. *Johns v. Sterling Jewelers, Inc.*, Case No. 06-14327, 2006 WL 3759905, at *1 (E.D. Mich. Dec. 20, 2006) (citing *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 649 (1986). Second, where a valid

agreement to arbitrate exists, the court must then ascertain whether the parties' dispute falls under the scope of the arbitration agreement, resolving any ambiguities as to the parties' intentions in favor of arbitration. *Id.*; *Stout v. J.D. Bryider*, 228 F.3d 709, 715 (6th Cir. 2001).

An enforceable arbitration agreement exists. Chapter Two of the FAA codifies the Convention on Recognition and Enforcement of Foreign Arbitration Awards ("New York Convention"), T.I.A.S. No. 6997, 21 U.S.T. 2517, 1970 WL 104417 (U.S. Treaty), and governs the enforcement of foreign arbitration agreements in United States Courts. *See* 9 U.S.C.A. §§ 201-208; *Invista North America S.A.R.L. v. Rhodia Polyamide Intermediates*, 503 F. Supp. 2d 195, 201 (D. D.C. 2007); *see also Jacada (Europe) LTD v. International Marketing Strategies, Inc.*, 255 F. Supp. 2d 744, 747 (W.D. Mich. 2003) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 (1974) ("The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.").[2] "An arbitration agreement is governed by Chapter Two if: '(1) there is a written agreement between the parties to arbitrate the dispute; (2) the locus of the arbitration is in a country that is a signatory to the N.Y. Convention; (3) the dispute arises out of a commercial legal relationship; and (4) at least one party to the arbitration agreement is not an American citizen." *Invista North America*, 503 F. Supp. 2d at 201 (quoting *Khan v. Parsons Global Servs. Ltd.*, 480 F. Supp. 2d 327, 339 (D. D.C. 2007)); *see also* 9 U.S.C.A. §202. "If the agreement is within the scope of Chapter Two of the FAA, the court shall compel arbitration pursuant to Section 206 or Section 4. *See* 9 U.S.C. § 206." *Invista North America*, *supra* (footnote omitted).

---

[2] Both the U.S. and France are signatories to the New York Convention.

Here, there is a written agreement between the parties to arbitrate any dispute concerning the applicability of the Code-Share Agreement. The locus of the arbitration is in France, which is a signatory to the N.Y. Convention. The dispute arises out of a commercial legal relationship, *i.e.*, MEA's operation of Air France's commercial Flight 569 pursuant to the terms of the cross-parties' Code-Share Agreement. Finally, the citizenship requirement is met, as both parties to the Code-Share Agreement and its arbitration provision are foreign citizens. Accordingly, the Code-Share Agreement arbitration provision is within the scope of Chapter Two of the FAA and therefore is enforceable.[3]

**D. RESOLVING ALL DOUBTS IN FAVOR OF ARBITRATION, THE PARTIES' DISPUTE IS ARBITRABLE**

The second part of the arbitration inquiry asks whether the parties' dispute falls under the scope of the arbitration agreement, resolving all doubts in favor of arbitration. *AT&T Techs., Inc.*, 475 U.S. at 649; *Stout*, 228 F.3d at 715. The arbitration provision of the Code-Share Agreement requires the arbitration in France of all disputes "between the Parties concerning the validity, the interpretation or the application of the Contract, its Annexes and its Appendices." Courts in this circuit hold that the use of the "concerning" in the context of arbitration clauses supports a broad and expansive reading in favor of a strong presumption of arbitrability. *Audia v. Newcor, Inc.*, No. 10-10209, 2010 WL 2898515, at * 4 (E.D. Mich. July 3, 2010); *see also Teamsters Local Union No. 89 v. Kroger Co.*, 617 F.3d 899, 905 (6th Cir. 2010); *United Steel*

---

[3] Generally, a court must determine under Article II(3) of the N.Y. Convention whether the arbitration agreement is "null and void, inoperative or incapable of being performed." This provision is limited to standard breach of contract defenses that may be applied neutrally on an international scale, such as fraud, mistake, duress, and waiver. *Bautista v. Star Cruises*, 396 F.3d 1289, 1301-02 (11th Cir. 2005); *DiMercurio v. Sphere Drake Ins. PLC*, 202 F.3d 71, 79 (1st Cir. 2000). It would be very difficult for Air France, a highly sophisticated international entity, to argue that the Code-Share Agreement is the product of fraud, duress, or mistake. Moreover, there is no issue of waiver here, as MEA has raised the arbitration issue in a timely fashion.

*Workers of America, AFL-CIO, CLC v. Century Aluminum of Kentucky*, 157 Fed. Appx. 869, 873 (6th Cir. 2005).

Here, the dispute concerns the interpretation and application of the Code-Share Agreement, as Air France has identified the Code-Share Agreement as the document governing the parties' commercial relationship and the reason MEA was operating Air France's Flight 569, and in its cross-complaint has requested compensation of the sort provided under the Code-Share Agreement's Art. 9, ¶ 2. Unquestionably, the dispute between the cross-parties falls under the broadly-written arbitration agreement and therefore must be dismissed. Accordingly, MEA requests that this Court dismiss this action under the terms of the Code-Share Agreement's arbitration provision, Art. 12, and the Federal Arbitration Act and other authorities set forth, *supra*, supporting this request for relief.

**E. AIR FRANCE'S REQUESTS FOR ATTORNEY FEES SHOULD BE DIMISSED**

Air France has requested that it recover attorney fees with respect to this action. A party may not request attorney fees incurred as a third-party plaintiff in a lawsuit to vindicate its alleged rights as an indemnitee and/or its contribution rights. *See Hartman v. Century Truss Co.*, 132 Mich. App. 661, 664 (1984); *Harbenski v. Upper Penninsula Power Co.*, 118 Mich. App. 440, 455-56 (1992). Therefore, this Court should dismiss Air France's request for attorney fees pursuant to Fed. R. Civ. P. 12(b)(6) for Air France's failure to state a claim.

**CONCLUSION**

For the reasons set forth above, cross-defendant MEA requests that this Court dismiss Air France's cross-complaint in its entirety. MEA also requests that this Court enter an order dismissing Air France's request for attorney fees under Fed. R. Civ. P. 12(b)(6).

Dated: June 27, 2012

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/Scott R.Torpey (P36179)
William D. Adams (P54404)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 20121 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

/s/Scott R. Torpey (P36179)
William D. Adams (P54404)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com